NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FABIAN LAGUNAS ESPINOZA; MARIA ANGELICA FLORES ULLOA; FABIAN LAGUNAS FLORES; MATEO LAGUNAS FLORES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3883

Agency Nos.
A220-589-087
A220-589-088
A220-589-089
A220-589-090

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Fabian Lagunas Espinoza, María Flores Ulloa, and their two children

("Petitioners") seek asylum, withholding of removal, and protection under the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1]  An immigration judge denied their claims, and the Board of Immigration Appeals ("BIA") affirmed.  Petitioners ask us to review that decision.  We have jurisdiction under 8 U.S.C. § 1252(a).  We review the BIA's legal conclusions de novo and factual determinations for substantial evidence.  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  We deny the petition.

1.      The BIA did not conflate the asylum and withholding nexus standards.  Because the agency found that a protected ground was not "a reason" for the gang's threat, it did not need to separately analyze whether a protected characteristic was a "central" reason.  *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

2.      Substantial evidence supports the agency's conclusion that the gang's threat lacked a nexus to a protected ground.  Petitioners claim they were threatened because they witnessed crime, because they opposed crime, and because of their kinship.  But rival gangs were fighting for control of the area in which Petitioners lived and were "kicking [other] people out of their houses too."  There is no evidence that these victims shared Petitioners' alleged characteristics, and that supports the agency's conclusion that Petitioners were victims of ordinary criminal predation, not animus based on a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th

---

[1] Lagunas Espinoza and Flores Ulloa each assert their own asylum, withholding, and CAT claims based on identical facts.  The children assert derivative asylum claims.

Cir. 2010).

Moreover, Petitioners concede they did not witness the crimes committed against Lagunas Espinoza's brothers, and they do not identify any other crimes they witnessed. Nor is there evidence that the gang members who made the threats knew Petitioners were opposed to crime. Without such evidence, Petitioners cannot show the gang targeted them because they witnessed or were opposed to crime.

To be sure, gang members attempted to extort one of Lagunas Espinoza's brothers and kidnapped another. But no evidence—beyond the fact that the brothers also suffered gang violence—indicates that the gang threatened Petitioners because of their kinship. Even after the brothers were attacked, Petitioners lived in Petatlán and other parts of Mexico for significant periods of time without being bothered by gangs, and Lagunas Espinoza's four other brothers remain in Mexico and have not been bothered. Thus, the harm against two brothers does not compel the conclusion that Petitioners were threatened because of their kinship. And without a nexus showing, Petitioners are not entitled to asylum or withholding of removal. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

3. Turning to the CAT claim, Petitioners argue that the BIA failed to consider the "aggregate risk" posed by their multiple theories of torture. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022). Yet Petitioners posit "a single theory for why [they] would be tortured" if removed to Mexico, *id.*—

the gang that threatened them and harmed Lagunas Espinoza's brothers would torture them, and the Mexican government would not stand in the way. Because Petitioners posit only one theory of torture, there was no "aggregate risk" for the BIA to consider. *Id.*

4. Substantial evidence supports the BIA's conclusion that Petitioners failed to establish that it is more likely than not that they would be tortured with the acquiescence of the Mexican government. *See Umana-Escobar*, 69 F.4th at 553. Petitioners suffered a single threat and no physical violence, they avoided interactions with gangs for years by relocating within Mexico, and there is little evidence the Mexican government would acquiesce to any torture of them.

Arguing otherwise, Petitioners point to general country conditions showing that gang violence is widespread and that some Mexican officials engaged in gang activities. This general evidence does not compel the conclusion that Petitioners specifically are more likely than not to be tortured in Mexico and that the Mexican government would acquiesce to that torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Hussain v. Rosen*, 985 F.3d 634, 650 n.8 (9th Cir. 2021).

**PETITION DENIED.**[2]

---

[2] Petitioners' motion to stay removal, Dkt. 3, is denied. The temporary stay of removal is lifted.